JANE E. HENDRICKSON v. THE BOROUGH OF POINT
PLEASANT ET AL.

Argued June 5, 1900—Decided November 12, 1900.

1. A proceeding under the Borough act of 1897 for the condemnation of lands for widening a street tends to impose a pecuniary obligation on the borough and a resolution providing for such condem-

nation must, under the twenty-seventh section of said act, be submitted to the mayor for his approval.

2. A petitioner for such improvement and condemnation is interested in it, and is disqualified to act as a commissioner to assess the damages of the owner of lands taken.

3. The report of the commissioners of assessment must show affirmatively that they have made a just and equitable assessment as required by section 58 of the act.

On *certiorari.*

Before Justice VAN SYCKEL.

For the prosecutor, *Halsted H. Wainright.*

For the defendants, *Peter Backes.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The writ in this case brings up for review the proceedings instituted by the mayor and council of the borough of Point Pleasant for the condemnation of certain lands of the prosecutrix required in the widening of Laurel avenue.

Section 27 of the Borough act of 1897 (*Pamph. L., p.* 296) provides that every ordinance passed by the council and every resolution appropriating or in any way tending to pecuniarily obligate the borough shall, within five days after the passage thereof, be presented to the mayor for his approval.

The resolutions of July 3d and August 14th, 1899, tended to pecuniarily obligate the borough, and could not be carried into effect without imposing a pecuniary burden.   Neither of said resolutions was approved by the mayor or presented to him for approval.

Compliance with this provision of the statute was essential to the validity of the proceedings.   *State* v. *Newark,* 1 *Dutcher* 399.

Section 52 of the Borough act of 1897 provides for the appointment of three discreet persons, residents and freeholders of the borough, to be commissioners of assessment; said commissioners to make all assessments in favor of the

owner of lands or real estate damaged or taken, or upon any owner of any lands or real estate for benefits conferred by any general or local improvement, and if any of said commissioners shall be interested in the matter of any assessment, the council shall appoint some discreet and impartial freeholder or freeholders to act in regard to such assessment in lieu of the commissioner or commissioners interested therein as aforesaid.

Zebulon P. Vannote, one of the persons who acted as commissioner of assessment and signed the report of said commissioners, was also one of the persons who signed the petition for the said improvement required by the fifty-third section of the act.

It was necessary that the borough council should approve the commissioners' report before it could become effective. Vannote was interested in making the assessment at such a sum as would secure the approval of council and thereby promote the improvement.

He was clearly interested in the assessment, and being thereby disqualified to act as one of the commissioners, the council should have appointed another freeholder to act in his stead. Failure to do so is fatal to the proceedings under review. *State* v. *Crane,* 7 *Vroom* 394; *Traction Company* v. *Board of Works,* 27 *Id.* 431; *Foster* v. *Cape May,* 31 *Id.* 78.

The report of said commissioners is defective in omitting to certify, as required by section 58 of the act of 1897, as amended by the act of 1899 (*p.* 172), that they made a just and equitable assessment. The report must show affirmatively that the statute has been complied with, and that it does not exceed the benefits. *Wilkinson* v. *Trenton,* 7 *Vroom* 499; *State* v. *Passaic,* 8 *Id.* 137, 538; *Paret* v. *Bayonne,* 10 *Id.* 559; *State* v. *Union,* 8 *Id.* 268; *State* v. *West Orange,* 10 *Id.* 453.

It also appears that there is an absence of the oath required by the fifty-second section of the act of 1897 to be taken by each commissioner and attached to their report.

For the foregoing reasons the proceedings certified must be set aside, with costs.